CASE No. 832.

MINNICK v. FORT.

A party may appeal to the Circuit Court from a judgment rendered against him by a trial justice, without making a motion before the trial justice for a new trial.

Before MACKEY, J., Lexington, September, 1879.

Action by John Minnick against H. A. Fort, administrator, in a trial justice's court. Judgment for defendant, and plaintiff, without making motion before the trial justice for a new trial, appealed to the Circuit Court. Because of the failure to make such motion, the Circuit judge dismissed the appeal. Plaintiff then appealed to this court from the order of dismissal.

*Mr. W. S. Monteith,* for appellant, cited *Code,* §§ 351, 353, 371; 15 *Stat.* 874; 16 *Stat.* 60; *Sedg. on Stat. & Const. L.* 123–127.

No counsel appeared for respondent.

March 15th, 1880. The opinion of the court was delivered by

McIVER, A. J. The sole question raised by this appeal is, whether a party can appeal from a judgment rendered by a trial justice without first making a motion before the trial justice for a new trial. The solution of this question depends upon the inquiry whether the act of February 24th, 1876, (16 *Stat.* 60), which was passed for the purpose of authorizing trial justices to grant new trials, operates as a repeal of the provisions of the code of procedure regulating appeals from an inferior court to the Circuit Court, or so modifies those provisions as to require, as a condition precedent to an appeal, the making of a motion for a new trial. The act in question certainly does not, in express terms, repeal any of such provisions, and there is nothing that we can discover in the terms of the act which would operate as a

repeal by implication—a mode of repeal not favored in law. The only modification of the provisions of the code in reference to such appeals contained in the act, is that found in Section 3, which simply extends the time within which an appeal must be taken from the judgment of a trial justice to five days from the refusal of the motion for a new trial.

Again : the right to grant new trials is conferred upon trial justices in very much the same language as was employed in conferring a similar right upon the Circuit Courts, (*Gen Stat., ch. CV.,* § 4, 497,) and while there are cases in which a motion for a new trial is the only appropriate remedy, as, for example, in cases where relief is sought against a verdict upon the ground of excessive damages, we do not know that it has ever been held that a motion for a new trial was a necessary condition precedent to the right of appeal from a judgment of the Circuit Court to to the Supreme Court.

The judgment of the Circuit Court is reversed.

WILLARD, C. J., and McGOWAN, A. J., concurred.